IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MACLANE THOMAS SENTERS, | Case No. 6:20-cv-00166-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CIRCUIT COURT OF THE STATE OF OREGON FOR LANE COUNTY, et al., | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Maclane Thomas Senters ("Senters") is awaiting trial on felony charges. He brings this civil rights action pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights were violated during his pretrial proceedings. Senters seeks money damages, a "cease and desist order, and all other remedies deemed just and proper." This Court previously granted Senters leave to proceed *in forma pauperis*. For the reasons set forth below, this Court dismisses Senters' Complaint (ECF No. 2).

///

///

///

PAGE 1 - ORDER OF DISMISSAL

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Senters is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Senters the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Senters brings this action against the Public Defender Services of Lane County, the Lane County Sheriff's Office, the Lane County Circuit Court, the Lane County District Attorney, Lane County, the Oregon Judiciary Department, the Oregon Attorney General, and the State of Oregon.

### I. Public Defender Services of Lane County

Senters alleges that the Lane County Public Defender's Office "denied and neglected to provide [him] with proper, effective, and honest representation." Pl.'s Compl. at 3. Senters complains that his public defender (1) "gave [him] only 2 days to take a plea deal" and pressured him to accept the plea offer, (2) failed to advise him of his right to a preliminary hearing, to participate in grand jury proceedings, and to have bail set at his arraignment, (3) failed to apply for Senters' release on bail, and (4) waived Senters' right to have the trial judge advise him of his constitutional rights. *Id.* at 3-4.

PAGE 2 - ORDER OF DISMISSAL

This Court abstains from exercising jurisdiction over Senters' ineffective assistance of counsel claim, except as it relates to Senters' release on bail, because resolution of the claim would interfere with his ongoing criminal proceeding. It is well settled that absent extraordinary circumstances, a federal court may not interfere with a pending state criminal proceeding that implicates important state interests. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see also Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that pretrial detainee must raise his ineffective assistance of counsel claim in his ongoing criminal proceeding); *Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018) (holding that challenge to the process provided at bail hearing would *not* interfere with pending criminal proceeding). Senters has not alleged any facts to support the conclusion that extraordinary circumstances warrant federal intervention.

Further, to the extent that Senters' claim relates to counsel's conduct as it relates to Senters' release on bail, he fails to state a § 1983 claim because his allegations pertain to defense counsel's performance of traditional functions of a lawyer during a criminal proceeding and therefore do not support a reasonable inference that he acted under color of state law (a necessary element of a § 1983 action). *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender "performing a lawyer's traditional functions" does not act under color of state law). Moreover, if Senters is seeking his release on bail, habeas corpus is his exclusive remedy.

## II. Lane County Sheriff's Department

Senters alleges that the Lane County Sheriff's Department "restrained" him from learning about his right to seek a preliminary hearing, participate in the grand jury proceedings, and seek release on bail "by misinforming him of his rights verbally and in writing, in the inmate manual and in posted signs." Pl.'s Compl. at 4. This Court construes these allegations as a claim for the denial of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding

PAGE 3 - ORDER OF DISMISSAL

that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers"). So construed, this Court dismisses the claim because Senters was represented by defense counsel during the relevant state proceedings[1] and he does not have a constitutional right to *both* the assistance of counsel and adequate legal assistance from jail officials. *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (affirming the dismissal of a pretrial detainee's claim that he was denied adequate access to a law library in light of the fact that he had court-appointed counsel); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (holding that access to a court-appointed attorney satisfies prison authorities' obligation to provide prisoners meaningful access to the courts); *Lindquist v. Idaho State Bd. of Correc.*, 776 F.2d 851, 855 (9th Cir. 1985) (holding that "a prison must provide inmates with access to an adequate law library or, *in the alternative*, with adequate assistance from persons trained in the law") (emphasis in original).

### III. Remaining Defendants

With respect to the remaining Defendants, Senters alleges:

> All Defendants, since August 15, 2019, until now, have placed Plaintiff into pre-trial incarceration, charged him, forced him to be prosecuted, to make his defense, and face trial, in a legal system whereby "reasonable doubt" by a least 1 juror will not lead to a verdict of innocence – by the laws governing criminal trials in Oregon (a non-unanimous verdict requirement for conviction, the 10-12 rule, where only 10 of 12 jurors must agree to innocence to vindicate a defendant) such that there can be no justice for the Plaintiff, a case of the flagrant and systematic abuse of power."

Pl.'s Compl. at 4; *see* OR. CONST., art. I, § 11 (providing that ten members of a jury may return a guilty verdict).[2]

---

[1] *See* Pl.'s Compl. at 4 (complaining that counsel rendered ineffective assistance "since August 15, 2019"); *State v. Senters*, Lane County No. 19CR54082, docket sheet.

[2] The constitutionality of a non-unanimous verdict is currently under consideration by the U.S. Supreme Court in *Ramos v. Louisiana*, Sup. Ct. No. 18-5924.

PAGE 4 - ORDER OF DISMISSAL

This Court abstains from considering this claim because its resolution would interfere with Senters' ongoing criminal proceeding and he has not alleged facts to support the conclusion that extraordinary circumstances warrant federal intervention. *See ReadyLink Healthcare, Inc.*, 754 F.3d at 758; *Younger*, 401 U.S. at 43-54.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Senters' claims for ineffective assistance of counsel related to his release on bail, and for the denial of access to the courts. This Court ABSTAINS from exercising jurisdiction over Senters' remaining claims. Senters may file an amended complaint, curing the deficiencies outlined above, within thirty days of the date of this Order. The failure to do so will result in the dismissal of this proceeding.

**IT IS SO ORDERED.**

DATED this 16th day of March, 2020.

Karin J. Immergut
United States District Judge